# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| RAFAEL ARROYO, JR., <br><br> Plaintiff, <br><br> v. <br><br> BASELINE ENTERPRISE LLC et al., <br><br> Defendants. | No. CV 19-10641-DFM <br><br> Order re Motions for Summary Judgment (Dkts. 39, 44) |

Rafael Arroyo, Jr. ("Plaintiff" or "Arroyo") filed a complaint against Baseline Enterprise LLC and Car Care West, Inc. ("Defendants") for violating the Americans with Disabilities Act ("ADA") and California Unruh Civil Rights Act ("Unruh Act"). See Dkt. 19, First Amended Complaint ("FAC").

Before the Court are the parties' cross-motions for summary judgment. See Dkts. 39 ("Defs.' Mot."), 44 ("Pl.'s Mot."). The Court finds that oral argument would not be helpful in this matter and vacates the October 20, 2020 hearing. See Fed. R. Civ. P. 78; L.R. 7-15. Having considered the parties' submissions, the Court now GRANTS Defendants' motion and DENIES Plaintiff's motion.

## I. SUMMARY OF FACTS

Unless otherwise indicated, the following facts are undisputed.

1

Plaintiff is a California resident who uses a wheelchair for mobility. See Dkt. 44-4 ("Arroyo Decl.") ¶ 2. Since 2005, Defendants have owned the 76 Gas Station ("the 76 Station") located at 3005 N. Bellflower Blvd., Long Beach, California. See Dkt. 39-5 ("Ghazi Decl.") ¶¶ 3-4.

On August 6, 2019, a certified accessibility specialist ("CASp"), Jason James, conducted a site inspection of the 76 Station. See Dkt. 39-4 ("James Decl.") ¶¶ 2, 8. James noted that the 76 Station's sales area had two transaction counters. See id. ¶ 8b. The higher sales counter was for able-bodied patrons who transact standing up. See id. The lower sales counter was designed for patrons confined to wheelchairs. See id. ¶ 8c. James found that the lower counter "was 36 inches long and no more than 34 inches high above the finish floor and provide[d] an adjacent clear floor space exceeding 30 inches by 48 inches," which, he opined, was in compliance with the relevant sections of the 2010 Standards for Accessible Design ("2010 Standards"). Id.

On August 28, 2019, Plaintiff visited the 76 Station to pump gas and make a purchase at the convenience store. See Arroyo Decl. ¶¶ 3, 6. Plaintiff alleges that he was unable to use the lower sales counter because it was being used to display merchandise, which took up most of the space. See id. ¶ 4. Plaintiff thus handled his transaction on the higher sales counter, which caused him difficulty and discomfort. See id. ¶ 5. On December 11, Plaintiff's investigator, Randall Marquis, went to the 76 Station. See Dkt. 44-7 ("Marquis Decl.") ¶ 3. He measured the higher sales counter to be 42 inches high and the lower sales counter to be 32 inches high. See id. ¶ 5. Marquis noted that the lower counter was "also being used to display merchandise." Id. Marquis's attached picture shows the lower counter with a tub of candy on the left and right sides. Id., Ex. 5.

In January 2020, Defendants rebuilt the transaction counter. See Ghazi Decl. ¶ 16. The counter is now unified and lowered all around. See id. ¶ 17.

On September 1, James examined the altered transaction counter and found that it was no more than 34 inches from the floor and thus, he opined, complied with the 2010 Standards. See James Decl. ¶¶ 8l-8n.

## II.   LEGAL STANDARD

Summary judgment is appropriate if, viewing the evidence and drawing all reasonable inferences in the light most favorable to the nonmoving party, there are no genuine issues of material fact, and the movant is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 321 (1986). At the summary judgment stage, the Court "does not assess credibility or weigh the evidence, but simply determines whether there is a genuine factual issue for trial." Schlup v. Delo, 513 U.S. 298, 332 (1995). A fact is "material" if it "might affect the outcome of the suit under the governing law," and a dispute as to a material fact is "genuine" if there is sufficient evidence for a reasonable trier of fact to decide in favor of the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id. at 249-50 (citations omitted).

The moving party bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. Where the moving party will bear the burden of proof on an issue at trial, it must "affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party." Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007). On the other hand, where the party opposing summary judgment would have the burden of proof at trial, the movant need only point out "that there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325. If the moving party meets its initial burden, the nonmoving party must set forth, by affidavit or as otherwise provided in Rule 56, "specific facts

showing that there is a genuine issue for trial." Anderson, 477 U.S. at 250. The nonmoving party "may not merely state that it will discredit the moving party's evidence at trial," in the hopes that it can later develop evidence to support its claim. T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt").

### III.   DISCUSSION

**A.   Standing**

Defendants argue that Plaintiff does not have standing because his "minor difficulty and discomfort handling his transaction" does not support a finding of actual injury. Defs.' Mot. at 15 (citing Lujan v. Def. of Wildlife, 504 U.S. 555, 564 (1992)).

Plaintiffs in ADA cases establish "actual injury" if they are "deterred from patronizing a public accommodation due to a defendant's failure to comply with the ADA" and "imminent injury" if they are "threatened with harm in the future because of existing or immediately threatened non-compliance with the ADA." Pickern v. Holiday Quality Foods, Inc., 293 F.3d 1133, 1138 (9th Cir. 2002); see also D'Lil v. Best W. Encina Lodge & Suites, 538 F.3d 1031, 1037 (9th Cir. 2008) ("[A]ctual or imminent injury sufficient to establish standing [exists] where a plaintiff demonstrates an intent to return to the geographic area where the accommodation is located and a desire to visit the accommodation if it were made accessible.").

Here, Plaintiff alleges that he lives about 20 minutes from the 76 Station and finds himself in the geographic area on a "regular and ongoing basis." FAC ¶ 20. He states that the 76 Station is a "convenient place to pump gas and shop." Arroyo Decl. ¶ 8. Although currently deterred from visiting the 76

Station, once the barriers are removed, he intends to return and patronize the store. See id. ¶¶ 9-10. Additionally, Plaintiff considers himself an ADA advocate and will return to the 76 Station to assess it for compliance with access laws. See id. ¶¶ 11-12.

Based on this showing, Plaintiff has established that he has standing to pursue his suit.

**B.    ADA Claim**

Title III of the ADA prohibits discrimination against people with disabilities in places of public accommodation. See 42 U.S.C. § 12182(a). One form of such discrimination is the failure to remove architectural barriers. See id. § 12182(b)(2)(A)(iv). Because "damages are not recoverable under Title III of the ADA," Wander v. Kaus, 304 F.3d 856, 858 (9th Cir. 2002), Plaintiff seeks injunctive relief. See FAC Prayer ¶ 1. Defendants contend that Plaintiff's claim for injunctive relief is moot because the alleged barrier—the sales counter—has been remedied. See Defs.' Mot. at 15.

"[A] defendant's voluntary removal of alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA claim." Oliver v. Ralphs Grocery Co., 654 F.3d 903, 905 (9th Cir. 2011); see also Johnson v. Gallup & Whalen Santa Maria, No. 17-01191, 2018 WL 2183254, at *4 (N.D. Cal. May 11, 2018) ("There can be no effective relief here, where defendants have already removed the architectural barriers that plaintiff identified in the complaint."). The defendant must "provide factual support" in order to support a finding that the property has come into compliance with the applicable ADA standards. Kalani v. Starbucks Corp., 81 F. Supp. 3d 876, 882-83 (N.D. Cal. 2015) (offering the following example of a properly supported opinion: "the pick-up counter . . . as modified now provides a length of 36 inches and a height of 34 inches, as such it complies with access regulations"), aff'd sub nom. Kalani v. Starbucks Coffee Co., 698 F. App'x 883 (9th Cir. 2017).

Here, the affidavit from Defendants' CASp suffices. James states that on September 1, 2020, he examined the altered transaction counter. See James Decl. ¶ 8l. He found that the counter: is "unified and lowered all around, and measures no more than 34 inches from the floor"; "accommodates a parallel approach," which "complies with section 904.4.1;" is located "adjacent to a walking surface in compliance with section 904.2;" is located next to a cash register, in compliance with section 904.2; and "provides an adjacent clear floor space exceeding 30 inches by 48 inches all in compliance with" the 2010 Standards. Id. ¶ 8n. Plaintiff responds only that he has "yet to confirm" whether the new counter complies with the ADA. Dkt. 42 ("Pl.'s Opp'n") at 1.

Accordingly, the Court dismisses the ADA claim as moot.

**C.    Unruh Act Claim**

Plaintiff asks the Court to exercise supplemental jurisdiction over his remaining state law claim under the Unruh Act. See Pl.'s Opp'n at 11-14. A district court "may decline to exercise supplemental jurisdiction," if, as here, "it has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). At the same time, the court has discretion to keep the state law claims, taking into account considerations of "judicial economy, convenience, fairness, and comity." Satey v. JPMorgan Chase & Co., 521 F.3d 1087, 1091 (9th Cir. 2008) (citation omitted). Given the advanced stage of this action and the parties' efforts to brief and argue the merits of the Motion, the Court exercises its discretion to retain Plaintiff's California state law claim. See Johnson v Cala Stevens Creek/Monroe, LLC, 401 F.Supp.3d 904, 911 (N.D. Cal. 2019) (finding that closure of spa mooted plaintiff's ADA claim yet nevertheless exercising its discretion to retain Unruh Act claim on summary judgment).

As to the merits, Plaintiff claims that Defendants violated the Unruh Act by violating the ADA.[1] See FAC ¶ 30. To prevail on a claim under Title III of the ADA, a plaintiff must show (1) he is disabled within the meaning of the ADA; (2) the defendants are private individuals or entities that own, lease, or operate a place of public accommodation; and (3) he was denied public accommodations by the defendants because of his disability. See Molski v. M.J. Cable, Inc., 481 F.3d 724, 730 (9th Cir. 2007).

Only the last requirement is in dispute here. "The third element—whether plaintiffs were denied public accommodations on the basis of disability—is met if there was a violation of applicable accessibility standards." Moeller v. Taco Bell Corp., 816 F.Supp.2d 831, 847 (N.D. Cal. 2011). Those standards are set forth by the ADA Accessibility Guidelines ("ADAAG").

The DOJ promulgated the ADAAG in 1991 and revised them in 2010. All architectural and structural elements in a facility must comply with the 1991 Standards to the extent that compliance is "readily achievable"; in contrast, the 2010 Standards apply only to elements that have been altered in existing facilities, or that fail to comply with the 1991 Standards on or after March 15, 2012. See 28 C.F.R. § 36.304(d)(1)-(2). Here, neither party provided any evidence regarding when the 76 Station was last constructed or altered. Regardless, Defendants have established that they did not violate either the 1991 or 2010 Standards.

---

[1] The Court notes that "[t]here are several avenues by which a plaintiff can prevail on a disability discrimination claim under . . . the Unruh Act," one of which is to prove that a defendant intentionally violated California accessibility requirements. Rodriguez v. Barrita, Inc., 10 F.Supp.3d 1062, 1074 (N.D. Cal. 2014) (citing Munson v. Del Taco, 46 Cal. 4th 661, 672 (2009)). Plaintiff does not pursue those avenues, and thus the Court need not consider any potential alternative theories.

The relevant 2010 Standards are Sections 904.4 and 904.4.1. Section 904.4.1 of the 2010 Standards lays out the building requirements for "parallel approach" transaction counters—that is, counters that wheelchair customers must approach from a side angle because there is no knee or toe clearance underneath the counter. Section 904.4.1 requires "[a] portion of the counter surface that is 36 inches (915 mm) long minimum and 36 inches (915 mm) high maximum above the finish floor." 36 C.F.R, Part 1191, Appendix D, § 904.4.1. Section 904.4.1 contains an exception, which provides that "[w]here the provided counter surface is less than 36 inches (915 mm) long, the entire counter surface shall be 36 inches (915 mm) high maximum above the finish floor." Id.

It is undisputed that on the day of Plaintiff's visit, the 76 Station was configured for a parallel approach and, as built, was at least 36 inches long and no more than 36 inches high. See James Decl. ¶ 8c; Marquis Decl. ¶ 5. However, Plaintiff contends that Defendants failed to make the lower counter available for use by crowding it with merchandise, in violation of Section 904.4.1 of the 2010 Standards. See Pl.'s Mot. at 12-13. Additionally, Plaintiff alleges in the FAC that the lower counter violates § 36.211 of the 1991 Standards because it is not maintained in an accessible or usable manner. See FAC ¶¶ 22-28; 28 C.F.R., Pt. 36, App. C, § 36.211(a) ("A public accommodation shall maintain in operable working condition those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities by the Act or this part.").[2]

---

[2] In his Reply, Plaintiff argues—for the first time—that Defendants also violated Section 7.2(1) of the 1991 Standards. See Dkt. 50 at 5-8. "[A]rguments raised for the first time in a reply brief are waived." Graves v. Arpaio, 623 F.3d 1043, 1048 (9th Cir. 2010).

A similar argument has been presented to this Court before. In Kong v. Mana Investment Company, No. 18-1615, 2019 WL 3220027 (C.D. Cal. May 1, 2019), the plaintiff argued that the placement of merchandise and displays on the transaction counter at Starbucks violated the 2010 Standards. The Court disagreed: "Plaintiff's argument that the placement of merchandise on the transaction counter violates Section 904.4.1 necessarily fails because the 2010 Standards require no particular amount of clear space, and because the separate length requirement of § 904.4.1 is inapplicable to a transaction counter that is uniformly less than 36 inches high." Id. at *3.

On appeal, the Ninth Circuit affirmed, holding that "[b]ecause there are circumstances under which a counter built to be less than 36 inches long complies with Section 904.4.1 [of the 2010 Standards], we hold that Starbucks does not violate Section 904.4.1. by failing to provide 36 inches of usable counter space for disabled customers." Kong v. Mana Invest. Co., 818 F. App'x 660, 662 (9th Cir. 2020).[3] With respect to § 36.211(a), the court held, "we do not read § 36.211(a) to require Starbucks to 'maintain' 36 inches of usable counter space. This is not a case in which defendants have failed to maintain an accessible feature clearly required by the ADA. In sum, the maintenance requirements cannot be more stringent than the building requirements." Id. at 663 (citation omitted).

Following Kong, several district courts have granted summary judgment for defendants on a plaintiff's claim that the defendant violated Section 904.4.1 and § 36.211(a) by crowding the counter with merchandise or displays. See Johnson v. Starbucks Corp., No. 18-1886, 2020 WL 4042965, at *4 (E.D. Cal. July 17, 2020) ("Section 904.4.1 expressly contemplates counters that are less

---

[3] In a footnote, the court noted that it was not reaching the question "of whether there are any potential limits of the exception to Section 904.4.1." Id. at n.3.

than 36 inches long. Accordingly, the court cannot read Section 36.211(a) to require Starbucks to 'maintain in operable working condition,' a requirement that does not exist." (citation omitted)); Kong v. Mission Plaza Ctr, LLC, No. 20-241, 2020 WL 5237297, at *4 (C.D. Cal. June 30, 2020) (reaching the same conclusion).

  The Court agrees and sees no reason to depart from its prior ruling. It is undisputed that the 76 Station's lower transaction counter was configured for a parallel approach and, as built, was at least 36 inches long and no more than 36 inches high. See James Decl. ¶ 8c; Marquis Decl. ¶ 5. The only evidence in the record regarding the alleged "crowding" comes from a photograph provided by Plaintiff's expert, which shows that the lower counter had a tub of candy on the left and right sides. See Marquis Decl., Ex. 5. The counter, however, was otherwise free of objects and not so cluttered to render it inoperable or unusable. See Chapman v. Pier 1 Imports (U.S.) Inc., 779 F.3d 1001, 1009-10 (9th Cir. 2015) (reversing grant of summary judgment on ADA claim where there was "no evidence that the presence of . . . various small items on the otherwise accessible sales counter deprived wheelchair users of 'full and equal' access to the use of the counters for their intended use—placing items for purchase and transacting sales"); Lindsay v. Overland Partners Sepulveda, LLC, No. 18-1917, 2019 WL 8168068, at *7 (C.D. Cal. May 20, 2019) ("That Starbucks may present items on its counter for its customers to peruse, examine, or otherwise, does not render the transaction counter, or its 'features . . . that are required to be readily accessible to and usable by persons with disabilities,' 'inoperable' or otherwise not in 'working condition.'").

  Because Section 904.4.1 does not mention, let alone require, providing any particular amount of clear counter space, Defendants have established beyond genuine dispute that they did not violate the 1991 or 2010 Standards. See Kong, 818 F. App'x at 663 ("[T]he maintenance requirements cannot be

more stringent than the building requirements."). Accordingly, Plaintiff has failed to satisfy the third element of his ADA claim, and so his Unruh Act claim fails as well.

## IV. CONCLUSION

Plaintiff's motion for summary judgment is DENIED. Defendants' motion for summary judgment is GRANTED. Defendants shall prepare, file, and serve a proposed judgment consistent with this Order.

Date: October 19, 2020

DOUGLAS F. McCORMICK
United States Magistrate Judge