# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| RAFAEL ARROYO, JR., <br><br> Plaintiff, <br><br> v. <br><br> BASELINE ENTERPRISE LLC et al., <br><br> Defendants. | No. CV 19-10641-DFM <br><br> Order Denying Motion for Attorneys' Fees (Dkt. 57) |

Before the Court is Defendants Baseline Enterprise LLC and Car Care West, Inc. ("Defendants") Motion for Attorneys' Fees against Plaintiff Rafael Arroyo, Jr. ("Plaintiff"). See Dkt. 57 ("Motion"). For the following reasons, Defendants' Motion is DENIED.

## I. BACKGROUND

Plaintiff filed a complaint against Defendants for violating the Americans with Disabilities Act ("ADA") and California's Unruh Civil Rights Act. See Dkt. 19. The Court granted summary judgment in favor of Defendants. See Dkt. 51. The Court dismissed the ADA claim as moot and entered judgment in favor of Defendants on the Unruh Act claim. See Dkt. 54.

The instant Motion for Attorneys' Fees followed. See Dkt. 57 ("Motion"). Plaintiff filed an opposition. See Dkt. 60 ("Opp'n"). Defendants filed a reply. See Dkt. 61 ("Reply").

## II.   LEGAL STANDARD

Defendants are not entitled to fees under the ADA because that claim was rendered moot by the voluntary remediation of the barrier. See Kohler v. Bed Bath & Beyond of Cal., LLC, 780 F.3d 1260, 1266 (9th Cir. 2015) (holding that resolution of ADA claim via mooting of any possible relief does not make defendant a prevailing party entitled to fees). Additionally, Defendants are not entitled to fees under the Unruh Act because Plaintiff did not seek injunctive relief under Cal. Civ. Code § 55. See Molski v. Arciero Wine Group, 164 Cal. App. 4th 786, 791-92 (2008).

Recognizing this, Defendants seek fees under the Court's "inherent powers." Motion at 2. A court has the inherent power to assess attorneys' fees for "willful disobedience of a court order . . . or when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Roadway Express v. Piper, 447 U.S. 752, 766 (1980) (internal quotation marks and citations omitted). Bad faith applies not only to actions that led to filing the complaint, but also to conduct during the litigation. See id. A court may assess attorneys' fees against the responsible party when it finds "'that fraud has been practiced upon it, or that the very temple of justice has been defiled.'" Chambers v. NASCO, Inc., 501 U.S. 32, 46 (1991) (citation omitted). Due to its potency "inherent powers must be exercised with restraint and discretion." Id. at 44.

## III.   DISCUSSION

Defendants make two primary arguments in support of their Motion. First, Defendants argue that Plaintiff "falsely alleged" that that transaction counter was 42 inches high and not wheelchair accessible, that the electronic point of sale machine was unavailable to him, and that ADA Accessibility Guidelines required that sales counter be kept free of merchandise. See Motion at 11-18. Defendants, however, merely rehash legal arguments made in their

summary judgment motion and make no showing that Plaintiff committed a fraud upon the Court. To the contrary, Plaintiff's theory of the case—that the placement of merchandise on the transaction counter violated the Guidelines—has both factual and legal support and, in fact, has prevailed in at least one other case in this district. That the Court ultimately disagreed with Plaintiff's claims does not, without more, justify fees or sanctions. See Kohler, 780 F.3d at 1266-67 ("We have repeatedly cautioned that district courts should not engage in post hoc reasoning, awarding fees simply because a plaintiff did not ultimately prevail. This admonition applies even in cases which are resolved at summary judgment because no reasonable jury could return a verdict in the plaintiff's favor." (citations and alterations omitted)).

Second, Defendants argue that Plaintiff is a "prolific litigant" who brings "hundreds" of lawsuits for the "sole purpose of extracting a quick settlement." Motion at 20-25. But as the Ninth Circuit has noted in the context of ADA litigation, "[f]or the ADA to yield its promise of equal access for the disabled, it may indeed be necessary and desirable for committed individuals to bring serial litigation advancing the time when public accommodations will be compliant with the ADA." Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1062 (9th Cir. 2007). Here, Plaintiff's complaint did not present factual allegations that were "contrived, exaggerated," or "def[ied] common sense." Id. Indeed, this lawsuit (or one like it) appears to have been the catalyst for the installation of the altered transaction counter. And there is no evidence that Plaintiff's counsel otherwise acted inappropriately or worked only to "coerce" a quick settlement. Id.

Accordingly, fees are not warranted.

## IV. CONCLUSION

Defendants' Motion for Attorneys' Fees is DENIED. Defendants' alternative request for Rule 11 sanctions is also DENIED.

Date: January 6, 2021

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge