**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 8 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAFAEL ARROYO, Jr., | No. 20-56151 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-10641-DFM |
| v. | |
| BASELINE ENTERPRISE LLC, a California Limited Liability Company; CAR CARE WEST, INC., a California Corporation, | MEMORANDUM* |
| Defendants-Appellees. | |
| RAFAEL ARROYO, Jr., | No. 21-55102 |
| Plaintiff-Appellee, | D.C. No. 2:19-cv-10641-DFM |
| v. | |
| BASELINE ENTERPRISE LLC, a California Limited Liability Company; CAR CARE WEST, INC., a California Corporation, | |
| Defendants-Appellants. | |

---

    * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Central District of California
Douglas F. McCormick, Magistrate Judge, Presiding

Argued and Submitted December 9, 2021
Pasadena, California

Before:  W. FLETCHER and RAWLINSON, Circuit Judges, and LIBURDI,[**] District Judge.

Rafael Arroyo (Arroyo) is a paraplegic who uses a wheelchair for mobility. In August of 2019, Arroyo went to a gas station owned and operated by Defendants. Arroyo experienced a sales counter that he asserted was not in compliance with Title III of the Americans with Disabilities Act (ADA). Arroyo filed this action, alleging that he was denied full and equal access in violation of the ADA and California's Unruh Civil Rights Act (Unruh Act). Arroyo specifically alleged that the lower counter that was provided for customers in wheelchairs was not in compliance with the ADA standards because it was too cluttered with merchandise.

The district court ultimately dismissed Arroyo's ADA request for prospective relief as moot because the gas station replaced the counter with one that complied with Section 904 of the 2010 ADA Accessibility Guidelines

---

[**] The Honorable Michael T. Liburdi, United States District Judge for the District of Arizona, sitting by designation.

(ADAAG). However, the district court also ruled on the merits that the ADA guidelines contain no requirement mandating a certain amount of clear counter space.

We have jurisdiction under 42 U.S.C. § 1291, and we review a grant of summary judgment *de novo*. *See Howard v. HMK Holdings, LLC*, 988 F.3d 1185, 1189 (9th Cir. 2021). In doing so, we must determine whether a genuine issue of material fact exists after viewing the evidence in the light most favorable to the nonmoving party. *See id.* We review the denial of attorneys' fees for an abuse of discretion. *See Avery v. First Res. Mgmt. Corp.*, 568 F.3d 1018, 1021 (9th Cir. 2009), *as amended*.

"Any violation of the ADA necessarily constitutes a violation of the Unruh Act." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 731 (9th Cir. 2007) (citation omitted).

Title III of the ADA prohibits discrimination in public accommodations against individuals with disabilities. *See* 42 U.S.C. § 12182(a). To prevail on a claim under Title III of the ADA, a plaintiff must demonstrate (1) disability under the ADA; (2) "the defendant is a private entity that owns, leases, or operates a place of public accommodation"; and (3) he was denied access to the public

3

accommodations by the defendant because of his disability. *Molski*, 481 F.3d at 730. Here, only the last element is in dispute.

Section 904.4.1 of the ADAAG sets forth standards for the height and length of transaction counters. 36 C.F.R., Pt. 1191, App. D, § 904.4.1. As the district court noted, those standards do not contain a requirement for a minimum amount of clear space. *See id.* Consequently, Arroyo failed to raise a material issue of fact that Defendants violated the ADA.

Because there was no material issue of fact raised regarding the existence of an ADA violation, Arroyo had no viable damages claim under the Unruh Act. *See Munson v. Del Taco, Inc.*, 46 Cal. 4th 661, 670 (2009) (requiring proof of an ADA access violation to "obtain statutory damages" under the Unruh Act). In addition, no injunctive relief is available under the ADA or the Unruh Act, because the counter was replaced. *See Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 905 (9th Cir. 2011) ("Because a private plaintiff can sue only for injunctive relief . . . under the ADA, a defendant's voluntary removal of alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA claim.") (citation omitted).

We agree with the district court that Arroyo's claims are not frivolous. Thus, Defendants are not entitled to attorneys' fees. *See Jensen v. City of San Jose*, 806 F.2d 899, 901 (9th Cir. 1986).

**AFFIRMED**.